**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR RICO-ARREOLA, <br><br> Petitioner-Appellant, <br><br> v. <br><br> SMITH, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, <br><br> Respondents-Appellees. | No. 17-15826 <br><br> D.C. No. 3:13-cv-00580-MMD-WGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted October 10, 2018[**]
San Francisco, California

Before: D.W. NELSON, W. FLETCHER, and BYBEE, Circuit Judges.

Petitioner-Appellant Oscar Rico-Arreola was convicted in Nevada state

court of one count of sexual assault of a minor under the age of fourteen. Rico-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arreola filed a petition for writ of habeas corpus with the Federal District Court for the District of Nevada alleging that the prosecution's use of peremptory strikes against two African-American jurors violated his constitutional rights under *Batson v. Kentucky*, 476 U.S. 79 (1986). The district court denied the petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The Nevada Supreme Court's decision was not "contrary to" nor "an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Applying *Felkner v. Jackson*, 562 U.S. 594 (2011) (per curiam), which upheld a peremptory strike based on the juror's background in social work, the Nevada Supreme Court could reasonably conclude that the prosecution had provided a valid, race-neutral reason for striking both jurors. Moreover, the Nevada Supreme Court did not contravene clearly established Federal law by failing to conduct a comparative juror analysis when evaluating the third prong of *Batson*. *See Murray v. Schriro*, 745 F.3d 984, 1005 (9th Cir. 2014).

The Nevada Supreme Court's decision was also based on a reasonable "determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). It was not objectively unreasonable for the Nevada Supreme Court to defer to a credibility determination by the trial court.

*See Felkner*, 562 U.S. at 598.  Moreover, the comparative juror analysis presented by Rico-Arreola to this court does not indicate that the trial court's credibility determination was unreasonable.

Accordingly, the judgment of the district court is **AFFIRMED**.